United States District Court
Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| David E. Mack | § | |
| | § | |
| vs | § | Cause No. 4:11-cv-00347 |
| | § | |
| CACH LLC, and J.A. Cambece Law Office | § | |

# Original Answer of CACH, LLC

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendant, CACH LLC (referred to hereafter as "CACH"), files this and in support thereof would show as follows:

1. In response to Paragraph 1 of the Complaint, CACH states that it does not contest jurisdiction at this time.

2. CACH denies the allegations set forth in Paragraph 2 of the Complaint.

3. CACH admits the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint consist of nothing but legal conclusions to which no response is required.

5. In response to Paragraph 5 of the Complaint, CACH states that it denies the existence of any "occurrences" which would give rise to the Plaintiff's complaint.  Furthermore, none of the alleged "occurrences" complained of occurred in Collin County, Texas.

6. In response to Paragraph 6 of the Complaint, CACH states that it does

not contest venue.

7. The allegations set forth in Paragraph 7 of the Complaint do not relate to CACH and no response is therefore required. However, CACH denies any and all wrongdoing.

8. The allegations set forth in Paragraph 8 of the Complaint do not relate to CACH and no response is therefore required. However, CACH denies any and all wrongdoing.

9. In response to Paragraph 9 of the Complaint, CACH states that it can neither admit or deny the allegations for the reason that it can not confirm whether or not the Plaintiff obtained a proper credit report or on what date he obtained a credit report of any kind.

10. CACH denies the allegations set forth in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, CACH incorporates its response(s) to the referenced paragraphs the same as if fully copied and set forth at length.

12. In response to Paragraph 12 of the Complaint, CACH admists that Plaintiff is an individual; however, the debt in question was incurred in an American Express Executive Business Card.

13. The allegations in Paragraph 13 of the Complaint consist of nothing but legal conclusions to which no response is required.

14. CACH can neither admit or deny the allegations set forth in Paragraph

14 of the complaint for the reason that they are vague, ambiguous and non-sensical. As a result, CACH has no way of knowing what the effect of its response would be, either and admission or a denial.

15. The allegations in Paragraph 15 of the Complaint consist of nothing but legal conclusions to which no response is required. However, CACH expresses no form of agreement with the Plaintiff's interpretation of the FCRA.

16. The allegations in Paragraph 16 of the Complaint consist of nothing but legal conclusions to which no response is required. However, CACH expresses no form of agreement with the Plaintiff's interpretation of the FCRA.

17. CACH denies the allegations set forth in Paragraph 17 of the Complaint. CACH is the assignee of Plaintiff's American Express Executive Business Card Account ending in 2006.

18. The allegations set forth in Paragraph 18 of the Complaint do not relate to CACH and no response is therefore required. However, CACH denies any and all wrongdoing. Furthermore, no consent from Plaintiff was required to access his consumer report as debt collection is one of the permissible purposes provided for in 15 U.S.C. § 1681b (FCRA).

19. CACH denies the allegations set forth in Paragraph 19 of the Complaint.

20. CACH denies the allegations set forth in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, CACH incorporates its

response(s) to the referenced paragraphs the same as if fully copied and set forth at length.

22. In response to Paragraph 22 of the Complaint, CACH admits that the Plaintiff is an individual; however, the debt in question was incurred on an American Express Executive Business Card.

23. The allegations in Paragraph 23 of the Complaint consist of nothing but legal conclusions to which no response is required.

24. CACH can neither admit or deny the allegations set forth in Paragraph 24 of the complaint for the reason that they are vague, ambiguous and non-sensical. As a result, CACH has no way of knowing what the effect of its response would be, either and admission or a denial.

25. The allegations in Paragraph 25 of the Complaint consist of nothing but legal conclusions to which no response is required. However, CACH expresses no form of agreement with the Plaintiff's interpretation of the FCRA

26. CACH denies the allegations set forth in Paragraph 26 of the Complaint which is mislabeled as a second Paragraph 25.

27. CACH asserts that Plaintiff's suit was brought in bad faith or for harassment. CACH therefore seeks an award of attorney's fees and costs as provided for by the FCRA.

WHEREFORE, the Defendant respectfully requests that the Plaintiff take nothing by this suit, that it be awarded its fees and costs, and that it be awarded all such other and further relief, both at law and in equity, to which

the Defendant may be justly and legally entitled.

Respectfully Submitted,

Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)


/s/Ed Walton
Ed Walton
SBN:  20828550

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to those persons identified below regular first class mail:

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Signed August 5, 2011.

/s/Ed Walton
Ed Walton
