United States District Court
Eastern District of Texas
Sherman Division

| David E. Mack | § |
| | § |
| | § |
| vs | § Cause No. 4:11-cv-00347 |
| | § |
| | § |
| CACH LLC, and J.A. Cambece Law Office | § |

# Motion for Summary Judgment

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendants, CACH LLC, and J.A. Cambece Law Office file this Motion for Summary Judgment and would show as follows:

1. **Summary Judgment Standard** - Summary judgment is warranted if the pleadings, discovery, disclosur materials, and supporting affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when a reasonable jury could find for the non-moving party. *Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 417 (5th Cir. 2008)* (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)*; *Lynch Props., Inc. v. Potomac Ins. Co., 140 F.3d 622, 625 (5th Cir. 1998)* (citing *Celotex,*

*477 U.S. at 325*).

2. Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact. *See Fed. R. Civ. P. 56(e)(2)*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)*; *Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991)*.The nonmoving party may not rest solely on its pleadings. *King v. Chide, 974 F.2d 653, 656 (5th Cir.1992)*. To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir.1994)*. If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)*. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lynch Props., 140 F.3d at 625.*

3. **Summary Judgment Evidence** - In support of this motion refers the Court to the following summary judgment evidence:

    a.    The affidavit of Michelle Holderness Garcia attached hereto;

4. **Statement of Undisputed Facts and Procedural History** - The Plaintiff has filed this suit alleging only violations of the Fair Credit

Reporting Act, 15 U.S.C. 1681 *et seq.*[1] The only basis for the alleged violations is that the Defendants had no permissible purpose for obtaining a credit report regarding the Plaintiff.

5. **Arguments and Authorities** - The Defendant is the owner of the account in question.[2]

6. The FCRA provides that a credit report may be obtained:

   a. for review or collection of an account of the consumer, 15 U.S.C. § 1681b(a)(3)(A);

   b. by one who intends to use the information, as a potential investor or servicer in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation, 15 U.S.C. § 1681b(a)(3)(E);

   c. one who otherwise has a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account, 15 U.S.C. § 1681b(a)(3)(F)(ii);

As the owner of the account, the Defendant would have the right to obtain the credit report of the Plaintiff pursuant to any one or all of these provisions.

7. As the owner and holder of the debt, CACH has the right to collect the indebtedness in question. CACH therefore has the right to obtain a credit report to either review the account (e.g. to determine what steps would be appropriate to attempt to collect on the account and whether or not to do so) and to collect on the account. In *Ostrander vs Unifund*, 2008 U.S. Dist. LEXIS

---

[1] Referred to hereafter as "the FCRA."

[2] See the affidavit of Michelle Holderness, attached hereto.

25040 (W.D.N.Y. 2008), the law firm of Sharinn & Lipshie, in attempting to collect a debt on behalf of its client, Unifund, Corp., "accessed plaintiff's credit report in connection with its collection activities on behalf of Unifund, the assignee of the delinquent Providian account," *id*. at *11. The Court stated that, as a result, the Plaintiff could not "state a plausible claim for relief against Sharinn & Lipshie, and his FCRA § 1681b claim **must be dismissed**[3], *id*. *See also Miller vs Wolpoff & Abramson*, 309 Fed. Appx. 40 (7th Cir. 2008) (*unpublished opinion*) (law firm had permissible purpose to obtain credit report because it was acting on behalf of the owner of the debt).

8. In the same vein, CACH and J.A. Cambece would have the right to access the Plaintiff's credit report either in utilizing the information as a potential investor or in servicing the account which they now own pursuant to 15 U.S.C. § 1681b(a)(3)(E).

9. A creditor may access a debtor's credit report to review the account at any time pursuant to 15 U.S.C. 1681b(a)(3)(F). "We note that neither the Act [FCRA] nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship," *Wilting vs Progressive County Mutual*, 227 F.3d 474, 476 (5th Cir. 2000).

10. The only basis asserted by the Plaintiff for this suit is the allegation that the Defendant obtained a credit report without a permissible purpose. As shown, the facts as plead by the Plaintiff show that the Defendant had a

---

[3] All emphasis added unless otherwise stated.

permissible purpose. The Defendants are therefore entitled to summary judgment.

WHEREFORE, the Defendant respectfully requests the Court grant this summary judgment and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

                                Respectfully Submitted,

                                Barron, Newburger & Sinsley PLLC
                                101 Metro Dr., Suite A
                                Terrell, Texas 75160
                                (972) 499-4833
                                (972) 563-1598 (facsimile)

                                /s/Ed Walton
                                Ed Walton
                                SBN: 20828550

## Certificate of Service

This is to certify that a true and correct copy of this instrument was served certified and regular first class mail to:

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Signed August 11 2011.

                                /s/Ed Walton
                                Ed Walton

United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| | § |
| vs | § Cause No. 4:11-cv-00347 |
| | § |
| CACH LLC, and J.A. Cambece Law Office | § |

## Order Granting Defendants' Motion for Summary Judgment

On this date, the Court considered the Motion for Summary Judgment filed by the Defendants, CACH LLC and J.A. Cambece Law Office. The Court is of the opinion that the referenced motions should be granted.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment filed by the Defendants, CACH LLC and J.A. Cambece Law Office, is granted and it is further ordered that the Plaintiff take nothing by this suit.