FILED-CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS 2011 AUG 25  PM 4: 23
### SHERMAN DIVISION

TEXAS-EASTERN

|  |  |
|---|---|
| **David E. Mack** ) | BY_____ |
| Plaintiff ) | |
| ) | **Cause No. 4:11cv347** |
| **vs** ) | |
| ) | |
| **J.A. Cambece  Law Office et al** ) | |
| Defendants ) | |
| ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for summary judgment and states the following:

## Introduction

1.  Plaintiff is David E Mack; defendants are CACH, LLC and J.A. Cambece Law Office.

2.  On June 13, 2011 plaintiff sued defendants for violation of the Fair Credit Reporting Act (hereinafter FCRA).

3.  On August 5, 2011 defendant CACH, LLC filed an Original Answer.

4.  On August 8, 2011 defendant J. A. Cambece Law Office filed an Original Answer.

5.  On August 11, 2011 defendants CACH, LLC and J.A. Cambece Law Office filed a motion for summary judgment on plaintiff's cause of action for violations of the FCRA.

6.  Summary Judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FCRA: no permissible purpose to obtain plaintiff's credit report.

## **Statement of Facts**

7. Defendants do not argue that they obtained the credit report of the plaintiff.

8. In defendant's motion for summary judgment defendants state that CACH, LLC is the owner of an "account" of a David Mack and therefore have permissible purpose to obtain plaintiff's credit report.

9. There is an affidavit attached to the motion stating that the "account" was purchased as part of a portfolio of accounts from Sherman Acquisition. It is stated that those accounts had previously been purchased by Sherman Acquisition from America Express Bank, FSB and American Express Centurion Bank.

10. There is no documentation whatsoever annexed to the affidavit or the pleading to evidence any contract or any other visible evidence of any alleged "account" with a David Mack.

11. There are no documents purporting to evidence a transfer of ownership of the alleged "account" to CACH, LLC or any documentation showing the actual existence of any alleged "account" from American Express or any other entity alleged to be in the chain of ownership.

12. The affidavit filed by the defendants refers to transactions involving transfer of ownership of the alleged "account" between several different entities where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

13. There is no statement made in the affidavit as to what type of alleged "account" (ie demand deposit, asset, credit, etc) the defendants are referring to as being acquired by CACH, LLC which <u>could</u> give them any permissible purpose to pull the credit report of the Plaintiff <u>even if such "account" existed</u> which has not been established through evidence before the court.

14. There is no verified evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged

"account", current status, or dates and terms of transfer of ownership of the alleged

"account".

15. Other than simple generic and non-specific statements in an affidavit made by an attorney

who works for the defendant there is no evidence in any form of any "account" of David

Mack existing that would allow any permissible purpose for the defendants to obtain the

credit report of the plaintiff under the FCRA.

16. At no time in the affidavit of Michelle Holderness did she state the dates of her employment

by American Express or Sherman Acquisition to be able to testify to first hand information

regarding origination, books and records, or transfer of ownership of the alleged account.

## Standard of Review

17. Although summary judgment is proper in any case where there is no genuine issue of

material fact, this is not a case in which the court should grant summary judgment. *See* Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

18. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate

the absence of a genuine issue of material fact by either (1) submitting summary judgment

evidence that negates the existence of a material element of plaintiff's claim or (2) showing

there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band*

*Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996);

*see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendants cannot rely on

conclusory statements to establish that plaintiff has not presented evidence on an essential

element of his claim. Rather, defendant must demonstrate an absence of genuine factual

dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendants meet their

burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

19. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

## Argument

20. For the defendants to successfully argue for summary judgment they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether defendants had permissible purpose to obtain plaintiff's credit report.

21. The defendants must therefore prove **through evidence before the court** rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

22. The only evidence offered by the defendants is the affidavit of Michelle Holderness, an employee of CACH, LLC, which states nothing more than she is familiar with the alleged account, some basic alleged details, its alleged chain of ownership, and the lawsuit filed by the plaintiff.

23. The affidavit states there is an account acquired by CACH, LLC from Sherman Acquisitions that allegedly originated with American Express Bank FSB or American Express Centurion Bank but there is no documentation on the record whatsoever to show that had occurred.

24. There is not one document in the record submitted by defendants as verified evidence to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged account.

25. The affidavit does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

26. The statements in the affidavit are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

27. The statements in defendants' motion attempting to use the affidavit with no other evidence to support it as a grounds for summary judgment are conclusory without question and cannot support a motion for summary judgment. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555.

## Objections

28. The evidence submitted in support of defendants' motion should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court.  The court should strike the following summary judgment proof:

   a. <u>Affidavit.</u>   Defendants rely on a defective affidavit.

   - Defendants' state in their motion they rely solely on an affidavit provided by Michelle Holderness Garcia for **"Summary Judgment Evidence"** where the affidavit annexed to the motion is from Michelle Holderness.

   - The affidavit refers to facts not in evidence before the court.

   - The affidavit has not been authenticated before the court and is hearsay.

## Summary Judgment Evidence

29. In support of his response, plaintiff includes the following evidence in the attached appendix:

   a. Affidavits.  The affidavit of David E Mack establishes the fact that there is no evidence before the court that there is an account of David Mack in existence or that

CACH, LLC is the owner of the account and would have permissible purpose to obtain

plaintiff's credit report.

## **Conclusion**

29. The defendants have not met their burden to show there are no material facts at issue for any

element of the plaintiff's complaint.  In determining whether genuine issues of material fact

exist, "factual controversies are construed in the light most favorable to the nonmovant, but only

if both parties have introduced evidence showing that an actual controversy exists." *Lunch*

*Props.*, 140 F.3d at 625.  The defendants have proffered nothing more than a generic affidavit

from an employee with statements that reference alleged facts and events where no evidence has

been brought before the court to substantiate the alleged claims of owning an "account" which

would give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendants' have failed to show there are no issues of material fact

before the Court the Plaintiff respectfully requests the Court deny the Defendants' motion for

summary judgment, strike the Defendants' affidavit and allow Plaintiff's claim to move forward

to trial on the merits.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the persons listed below:

Barron, Newburger & Sinsley PLLC
101 Metro Drive Suite A
Terrell, Texas 75160

AFFIDAVIT

NOW COMES the Affiant, David E Mack of Dallas, Texas who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding Case No. 4:11cv00347 David E Mack v CACH, LLC and J.A. Cambece Law Office:

1. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that CACH, LLC is the owner of any account of David E Mack as stated in the affidavit of Michelle Holderness.

2. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that CACH, LLC acquired any account of David E Mack from Sherman Acquisition as stated in the affidavit of Michelle Holderness.

3. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Sherman Acquisition acquired any interest in any account of David E Mack from American Express Bank FSB or American Express Centurion Bank as stated in the affidavit of Michelle Holderness.

4. That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any account of David E Mack that originated with American Express Bank FSB or American Express Centurion Bank where there is any balance due and owing that could be collected by CACH, LLC.

5.   That Affiant/Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the Defendants and/or their counsel in Case No. 4:11cv00347 in the United States District Court for the Eastern District of Texas, Sherman Division to obtain the credit report of David E Mack.

6.   That Affiant/Plaintiff at no time gave permission to CACH, LLC or J.A. Cambece Law Office to obtain his credit report.

### NOTARY'S VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Dallas, Texas
August 25, 2011

_____
David E Mack

Name of Notary   Jessica T. Pickett

Signature of notary   Jessica T. Pickett                    seal

