# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| v. | § | Case No. 4:11cv347 |
| | § | (Judge Schneider/Judge Mazzant) |
| CACH, LLC, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants CACH, LLC ("CACH") and J.A. Cambece Law Office's Motion for Summary Judgment (Dkt. #10). Having considered the motion, and the response thereto, the Court finds that the motion should be denied at this time.

Plaintiff, *pro se*, filed suit alleging that Defendant violated the Fair Credit Report Act, 15 U.S.C. § 1681. The only alleged basis for the alleged violations is that the Defendants had no permissible purpose for obtaining a credit report regarding Plaintiff.

On August 11, 2011, Defendants filed a motion for summary judgment (Dkt. #10). The motion raises one question: Does Defendant CACH own the account in question? On August 25, 2011, Plaintiff filed a response (Dkt. #11).

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party

opposing the motion for summary judgment.  *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive law identifies which facts are material.  *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986).  But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc*., 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49).  The nonmovant must adduce affirmative evidence.  *Anderson*, 477 U.S. at 257.

CACH moves for summary judgment that as owner and holder of the debt in question, CACH has the right to collect the indebtedness in question, and the right to obtain a credit report to either review the account or to collect on the account.  Defendants assert that the only basis asserted by Plaintiff for this suit is the allegation that Defendants obtained a credit report without a permissible purpose.  Defendants assert that the facts as pleaded show that Defendants had a permissible purpose to obtain Plaintiff's credit report.

The Fair Credit Reporting Act ("FCRA") permits agencies to furnish credit reports only for

2

"certain statutorily enumerated purposes." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (citing 15

U.S.C. § 1681(e)(a); 15 U.S.C. § 1681b.   The purpose of the FCRA is to "require that consumer

reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer

credit, personnel, insurance and other information in a manner which is fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

information...." 15 U.S.C 1681b. Although the stated purpose only references consumer reporting

agencies, the FCRA also protects consumers from any "person" who obtains or uses a consumer

report for an impermissible purpose. 15 U.S.C. § 1681b(f).  Specifically, the statute states that "A

person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is

obtained for a purpose for which the consumer report is authorized to be furnished under this

section.... 15 U.S.C. § 1681b(f). Title 15 U.S.C. § 1681b(a) provides a list of permissible purposes

for which a consumer report may be furnished. In particular, this section provides:

> (a) Subject to subsection (c) of this section, any consumer reporting agency may
> furnish a consumer report under the following circumstances and no other:
> * * *
> (3) To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving
> the consumer on whom the information is to be furnished and involving the extension
> of credit to, or review or collection of an account of, the consumer....
> (E) intends to use the information, as a potential investor or servicer, or current
> insurer, in connection with a valuation of, or an assessment of the credit or
> prepayment risks associated with, an existing credit obligation; or
> (F) otherwise has a legitimate business need for the information...
> (ii) to review an account to determine whether the consumer continues to meet the
> terms of the account.

15 U.S.C. § 1681b(a)(3)(A), (E), (F)(ii).[1]

---

[1]  Theses are the permissible purposes asserted by Defendants.

CACH moves for summary judgment asserting that as the holder and owner of the debt, it had the right to collect the indebtedness in question and the right to obtain the credit report to either review the account or to collect on the account.  Defendants asserts that CACH and J.A. Cambece would have the right to access Plaintiff's credit report, either in utilizing the information as a potential investor or in servicing the account which they now own, pursuant to 15 U.S.C. § 1681b(a)(3)(E).

Thus, the question for the Court in this motion is whether Defendants have established as a matter of law that CACH was the owner of the account at the time in question.  The only evidence submitted by Defendants is the affidavit of Michelle Holderness, an attorney in the legal department of CACH.  The affidavit provides in pertinent part as follows:

> I am an attorney in the legal department of CACH, LLC....The legal department of CACH and the individual attorneys (including myself) are familiar with the Mack account (described below), part of a certain portfolio of accounts purchased by CACH. The legal department is involved with portfolio purchases, examining the documents associated with such purchases....On or about August 6, 2009, CACH purchased a portfolio of charged off accounts from Sherman Acquisition LLC (referred to hereafter as "Sherman"), such accounts having been previously purchased by Sherman from American Express Bank, FSB and American Express Centurion Bank (referred to hereafter as "American Express").  One of the accounts purchased in this portfolio was that of David Mack, whose address is 7720 McCallum Blvd. Unit 2099, Dallas, Texas 75252 and whose social security number is xxx-xxx-xx-xxxx.  This is the same address given by the Plaintiff in this suit as being his personal address in the signature block in the Original Complaint in this suit...

(Dkt. #10-1).

Plaintiff responds that there are genuine issues of fact, and that there is no permissible purpose.  Plaintiff asserts that the affidavit is insufficient in supporting a finding that CACH is the owner of the account.  The Court agrees with Plaintiff.  There is no documentation attached to the

affidavit to establish that CACH actually owns the account created by Plaintiff.  The Court agrees that the affidavit is simply too vague to establish as a matter of law that CACH is the owner of the account in question. The affidavit is conclusory.  Plaintiff also has no personal knowledge that CACH is the owner of any account of Plaintiff's.  Since Defendants have failed to meet their burden, the motion for summary judgment should be denied.

### RECOMMENDATION

It is recommended that Defendants CACH, LLC ("CACH") and J.A. Cambece Law Office's Motion for Summary Judgment (Dkt. #10) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of October, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE